## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ETARSHA KIMBLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| TOYOTA MOTOR CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

COMES NOW, ETARSHA KIMBLE (hereinafter referred to as "Plaintiff"), and respectfully makes and files this Original Complaint TOYOTA MOTOR CORPORATION (hereinafter referred to as "Defendant"), and in support hereof would state and show the following:

### A. Parties

1.     Plaintiff Etarsha Kimble is an individual. She resides in and is a citizen of Fort Worth, Tarrant County, Texas.

2.     Defendant Toyota Motor Corporation is a foreign Corporation doing business in Texas, and service of process upon this Defendant may be had by serving its president, Shoichiro Toyoda, at 1 Toyota-Cho, Toyota, 0471, Japan.

### B. Jurisdiction

3.     This Court has jurisdiction over the lawsuit under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens of different states, and the

matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## C. Facts

4.     On or about November 20, 2008, Etarsha Kimble was driving a 1999 Toyota Corolla (VIN#1NXBR12EXXZ235677) at the intersection of 100 E. Altamesa Blvd. and the 6300 block of S. Freeway Frontage Rd. (I-35W) in Fort Worth, Tarrant County, Texas, when her vehicle was struck by another vehicle being driven by Jay Van Parker.

5.     At the time of the accident, Etarsha Kimble was properly wearing her 3-point seat belt.

6.     However, despite being properly restrained, Etarsha Kimble was seriously injured when her vehicle failed to protect her.

## D. Cause(s) of Action as to Defendant Toyota Motor Corporation

7.     It was entirely foreseeable to and well-known by the Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

8.     The injuries and damages complained of herein occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents.  The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

9.     Defendant designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably

dangerous as designed, manufactured, assembled, marketed, and/or tested because of the following defects:

     a.    inadequate rear structure destroys the survival space;

     b.    rear structure fails to contain sufficient reinforcement to ensure the survival space;

     c.    the vehicle was not adequately tested to evaluate rear structure integrity;

     d.    the vehicle was not analyzed properly from an engineering standpoint;

     e.    the inadequate rear structure compromised and rendered the other safety systems ineffective; and/or

     f.    the vehicle structure used decreased gauge metal which weakened the structure;

10.    Defendant was negligent in the testing of the vehicle in question.

11.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

12.    The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Plaintiff Etarsha Kimble's serious injuries.

### E.  Damages to Plaintiff

13.    As a result of the acts and/or omissions of Defendant, Plaintiff Etarsha Kimble has suffered disfigurement, physical and emotional pain, torment, mental anguish, emotional distress, impairment, and reduced capacity to enjoy life in the past and, in all likelihood, into the future as a result of her injuries.

14.    As a result of the acts and/or omissions of Defendant, Plaintiff Etarsha Kimble has become obligated to pay reasonable and necessary medical expenses in the past, and in all likelihood into the future, as a result of her injuries.

15.     As a result of the acts and/or omissions of Defendant, Plaintiff Etarsha Kimble has lost wages in the past, and in all likelihood will suffer diminished earning capacity in the future, as a result of her injuries.

16.     The above and foregoing acts and/or omissions of Defendant, resulting in the serious injuries to Plaintiff Etarsha Kimble, have caused actual damages to Plaintiff in an amount within the minimum jurisdictional limits of this Court.

### F.  Prayer

17.     For the reasons presented herein, Plaintiff prays that Defendant be cited to appear and Answer, and that upon a final trial of this cause, Plaintiff recovers judgment against Defendant for:

a.     economic and non-economic damages;
b.     prejudgment and post-judgment interest beginning November 20, 2008;
c.     costs of suit; and
d.     all other relief the Court deems proper.


Respectfully submitted,

**The TRACY firm**


_/s/E. Todd Tracy_____
E. Todd Tracy (Lead Counsel)
State Bar No. 20178650
etoddtracy@vehiclesafetyfirm.com
5473 Blair Road, Suite 200
Dallas, TX  75231
(214) 324-9000 Phone
(972) 387-2205 Fax

**ATTORNEY FOR PLAINTIFF**